UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH CORNELIUS TUCKER, | Civil No. 15-6808 (RMB) (KMW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS et al., | |
| Defendants. | |

Plaintiff, Joseph Cornelius Tucker, acting pro se, commenced this civil rights action under 42 U.S.C. §§ 1983 and 1985 in September 2015, alleging that he was wrongly held and imprisoned for nearly two years despite a decision of the New Jersey Superior Court, Appellate Division, vacating his conviction. (*See* ECF No. 1, ¶¶ 32–52.) On February 16, 2016, Plaintiff filed an affidavit, in response to the Court's issuance of a Notice of Call for Dismissal Pursuant to Local Rule 41.1(a)/4(m), which indicated that he intended to retain as counsel Ronald B. Thompson no later than February 23, 2016. (*See* ECF Nos. 4, 5.) The Court withdrew the Notice of Call for Dismissal and extended Plaintiff's time to serve his Complaint through May 18, 2016. (ECF No. 6.) Mr. Thompson, as Plaintiff's counsel, filed an Amended Complaint on May 23, 2016 with Court leave. (*See* ECF Nos. 7, 8, 9.)

On April 12, 2017, the Court issued a second Notice of Call for Dismissal for failure to effect service. (ECF No. 11.) Upon an application from Mr. Thompson, the Court withdrew that Notice and permitted Plaintiff until May 12, 2017 to serve the Amended Complaint on Defendants. (*See* ECF Nos. 12, 13.) Defendants Burlington County Detention Center and Warden Mildred

Scholtz (collectively, "the BCDC Defendants")[1] filed a motion on June 16, 2017 to dismiss the Amended Complaint as untimely, as barred by the New Jersey Tort Claims Act, and for failure to state a claim. (ECF No. 21.) The Court administratively terminated the motion as filed without a pre-motion conference request in violation of § I.A. of the Court's Individual Rules and Procedures. (ECF No. 22.)

The BCDC Defendants filed a pre-motion conference request on June 19, 2017. (ECF No. 23.) Despite filing an additional copy of an executed summons on June 28, 2017, and despite the Court ordering Plaintiff to respond to the BCDC Defendants' letter, Mr. Thompson filed no response. (*See* ECF Nos. 24, 25.) On July 14, 2017, the Court granted the BCDC Defendants' request to file a motion to dismiss. (ECF No. 26.)

The BCDC Defendants re-filed a motion to dismiss, asserting the same grounds as their initial motion, on July 14, 2017. (ECF No. 27.) The Clerk assigned this motion a Motion Day of August 7, 2017. On August 7, 2017, Plaintiff's counsel, Mr. Thompson, filed a certification titled "Plaintiff Joseph C. Tucker's Opposition to Dismissal" (uploaded to the Court's Case Management/Electronic Case Files system ("CM/ECF") as "AFFIDAVIT in Opposition"). (ECF Nos. 28, 28-1.) There has been no docket activity since that time.

Upon reviewing Plaintiff's "Opposition to Dismissal," it turns out that this filing represents an attempt by Mr. Thompson to request more time to file a substantive opposition to the pending motion.[2] (*See* ECF No. 28-1.) While Mr. Thompson's certification begins with some discussion of Plaintiff's efforts to commence the action pro se and of the accrual date for Plaintiff's claims, it

---

[1] To this date, none of the other named Defendants has appeared.
[2] Mr. Thompson also included a cover sheet characterizing the filing as a motion "for an Order dismissing the defendants' Motions to dismiss and for an Order scheduling a case-management teleconference." (ECF No. 28-1.)

then transitions to explaining that, due to a problem with his email provider, Mr. Thompson had not been receiving any notices from CM/ECF. (*Id.* ¶¶ 2–6.) Accordingly, Mr. Thompson avers that he was unaware of any orders or filings in any of his cases before this Court. (*Id.* ¶ 7.) Because of this, he requests additional time for Plaintiff to oppose the pending motion. (*Id.* ¶ 9.) Mr. Thompson indicates that the BCDC Defendants consent to his request. (*Id.* ¶ 8.)

In the interests of justice, and consistent with the well-established preference for deciding claims on their merits rather than on procedural technicalities, *see Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990), the Court will permit Plaintiff additional time to file a substantive opposition to the pending motion to dismiss. Given that Plaintiff's counsel has had nearly four months since discovering the motion to work on opposition papers, the additional time granted will be short. If Plaintiff files no additional opposition papers by the deadline identified below, the Court will decide the motion on the papers timely filed.

Therefore, IT IS, on this **4th** day of **December 2017**,

ORDERED that Plaintiff may file additional opposition papers to the pending motion to dismiss (ECF No. 27) no later than fourteen (14) days after the entry of this Memorandum and Order; and it is further

ORDERED that Plaintiff will be granted no extension of the deadline set herein to file additional opposition papers; and it is further

ORDERED that, if Plaintiff does not file additional opposition papers by the deadline set herein, the motion will be decided on the papers timely received by the Court; and it is further

ORDERED that Defendants Burlington County Detention Center and Warden Mildred Scholtz may file a reply on their motion no later than seven (7) days after the earlier of Plaintiff's

filing of additional opposition papers or the expiration of Plaintiff's time to file additional opposition papers; and it is further

ORDERED that, given Plaintiff's counsel's apparent difficulties with his email provider, the Clerk shall serve this Memorandum and Order upon Plaintiff's counsel both electronically and by regular U.S. mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge