**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE

                                    :
JOSEPH CORNELIUS TUCKER,            :
                                    :
             Plaintiff,             : Civil Action No. 15-6808 (RMB)
                                    :
      v.                            :
                                    :           OPINION
STATE OF NEW JERSEY DEP'T           :
OF CORR., et al.,                   :
                                    :
             Defendants.            :
                                    :
```

APPEARANCES:

RONALD B. THOMPSON, Esq.
Law Office of Ronald Thompson
563 Berlin Cross Keys Road
Sicklerville, NJ 08081
    On behalf of Plaintiff

LAURA DANKS, Esq.
EVAN H.C. CROOK, Esq.
Capehart & Scatchard, P.A.
142 West State Street
Trenton, NJ 08608
    On behalf of Defendants Burlington County Detention Center,
    and Warden Mildred Scholtz

**BUMB**, United States District Judge

This matter comes before the Court upon Defendants', Burlington County Detention Center and Mildred Scholtz, Motion to Dismiss Amended Complaint ("Mot. to Dismiss", ECF No. 27; Brief in Supp. of Defs', Burlington County Detention Center and Warden Mildred Scholtz, Mot. to Dismiss Am. Compl. ("Defs' Brief), ECF

No. 27-1); Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss ("Pl's Opp. Brief", ECF No. 30); and Defendants', Burlington County Detention Center and Mildred Scholtz, Reply Brief in Support of Mot. to Dismiss ("Defs' Reply Brief," ECF No. 31.) The Court will determine the motion on the briefs, without oral argument, pursuant to Federal Rule of Civil Procedure 78(b).

I. BACKGROUND

    A. <u>Procedural History</u>

On September 14, 2015, Plaintiff, acting *pro se*, filed a civil rights complaint under 42 U.S.C. §§ 1983, 1985. (Compl., ECF No. 1.) Plaintiff paid the filing fee and summons was issued. (Summons Issued, ECF Nos. 2, 3.) On February 2, 2016, the Court issued a Notice of Call for Dismissal Pursuant to Local Rule 41.1(a)/4(m), for lack of prosecution. ("Notice of Call," ECF No. 4.) Upon Plaintiff's response that he had recently obtained counsel, the Court withdrew the Notice of Call, and subsequently granted Plaintiff's motion for an extension of time to file an amended complaint. (Order, ECF No. 6; Order, ECF No. 9.) Plaintiff filed an amended complaint on May 23, 2016. (Am. Compl., ECF No. 8.) Summons issued on September 7, 2016. (Summons Issued, ECF No. 10.)

On April 12, 2017, the Court issued a second Notice of Call for Dismissal Pursuant to Local Rule 41.1(a)/4(m), for lack of prosecution. (Notice of Call, ECF No. 11.) Upon Plaintiff's response, the Court withdrew the Notice of Call and granted

Plaintiff's request for an extension of time to serve the Summons and Amended Complaint on the defendants. (Order, ECF No. 13.) On June 5, 2017, Attorneys Evan H.C. Crook and Laura Danks entered appearances on behalf of Defendants Warden Mildred Scholtz and Burlington County Detention Center. (Notice of Appearances, ECF Nos. 19, 20.)

B. The Amended Complaint

Plaintiff alleged the following facts in his amended complaint, accepted as true for purposes of the instant motion to dismiss. (Am. Compl., ECF No. 8.) Plaintiff was incarcerated on July 5, 2012, after entering a guilty plea in the Superior Court of New Jersey, Burlington County. (Id., ¶2.) Plaintiff was sentenced to a five-year term of imprisonment with a two-and-a-half-year term of parole ineligibility. (Id.)

Plaintiff filed a motion to withdraw his guilty plea on March 16, 2012, but the trial court denied his motion, and Plaintiff appealed. (Id., ¶3.) On August 6, 2013, the New Jersey Superior Court Appellate Division remanded the matter to the trial court. (Id., ¶4.) Plaintiff contends the Appellate Division's decision vacated his plea, the only basis for his imprisonment. (Id., ¶5.) On September 17, 2013, Plaintiff was misclassified under the New Jersey Department of Corrections Classification System and immediately began serving his sentence. (Id., ¶23.) As a result of this misclassification, Plaintiff was wrongly detained and

imprisoned. (Id., ¶24.) Therefore, Plaintiff alleged his continued imprisonment was illegal, depriving him of his due process liberty interest. (Id., ¶6.) He further alleged his illegal detention was a direct and foreseeable consequence of the Department of Corrections' negligence. (Id.)

Plaintiff further alleged:

> Plaintiff is informed and believes and thereon alleges that each of the Defendants caused, and is liable for the unconstitutional and unlawful conduct and resulting injuries by, among other things, personally participating in said conduct or acting jointly with others who did so; by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing or refusing with deliberate indifference to maintain adequate supervision; and/or by ratifying the unlawful conduct of employees under their direction and control.

(Id., ¶20.)

Plaintiff sued all Defendants for violating his rights under the U.S. and the New Jersey Constitutions. (Id., ¶11.) He sued the Burlington County Detention Center under the New Jersey Tort Claims Act ("NJTCA"), alleging "[t]hese defendants are implicated by and through the actions, policies, patterns, practices and customs of the New Jersey Department of Corrections and the Burlington County Correctional Center and their policy-makers, agents and officers." (Id., ¶12.)

Plaintiff alleged Mildred Scholtz ("Scholtz") was the Warden of the Burlington County Detention Center at all relevant times,

4

and she was sued in her official capacity.[1] (Id., ¶15.) Plaintiff's U.S. Constitutional Claims are alleged under the Fourth Amendment for false imprisonment and unlawful seizure, the Fifth Amendment for substantive due process and equal protection violations, and the Fourteenth Amendment. (Id., ¶¶25-51, 65-70.)

Plaintiff also alleged Defendant Scholtz was negligent for failing to investigate Plaintiff's claims of wrongful detention, ignoring other employees' warnings that Plaintiff should not be detained, failing to train and supervise classification personnel, and wrongfully detaining Plaintiff. (Id., ¶54.) Plaintiff admitted he did not file a formal tort claims notice under the NJTCA. (Id., ¶57.) He further alleged:

> [Plaintiff] repeatedly filed objections and complaints based upon all defendants' wrongful conduct. [Plaintiff's] complaint's [sic] substantially provided all defendants with the same information required by the New Jersey Tort Claims Act. More than six (6) months have passed since [Plaintiff] first complained to defendants, and to date no defendant named in this complaint has sought to resolve any aspect of Tucker's complaint(s).

(Id.) Finally, Plaintiff sued Burlington County Detention Center for Intentional and Negligent Infliction of Emotional Distress. (Id., ¶¶58-64, 86-90.)

---

[1] The caption of the amended complaint states that Warden Mildred Scholtz and others are sued in their official and individual capacities.

Defendants Burlington County Detention Center and Scholtz move to dismiss the amended complaint as barred by the NJTCA, barred by the statute of limitations, and for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted. A plaintiff need only present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Palakovic v. Wetzel, 854 F.3d 209, 219 (3d Cir. 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original)).

"'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation and internal quotation marks omitted). A claim is facially plausible if the factual content "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. Courts assessing the sufficiency of a complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)

6

should first determine the elements a plaintiff must plead to state a claim, and second identify allegations that are no more than conclusions, which are not entitled to the assumption of truth. Palakovic, 854 F.3d at 220 (quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (internal quotation marks omitted) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). Third, courts should assume well-pleaded factual allegations are true and "then determine whether they plausibly give rise to an entitlement for relief.'" Id. (quoting Iqbal, 129 S.Ct at 1950.)

The Court notes that Defendants assert they were not properly and timely served with the summons and amended complaint, but they do not move to dismiss for lack of timely service. (Defs' Brief, ECF No. 27-1.)

B. Analysis

1. New Jersey Tort Claims Act

Defendants assert Plaintiff's claims under the NJTCA should be dismissed with prejudice for failure to file a Notice of Claim and as barred by the statute of limitations. (Defs' Brief, ECF No. 27-1 at 6-9.)

Under the NJTCA, "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth" in the statute. N.J.S.A. §59:8-3.

Among other things, the notice of claim must contain the name or names of the public entity and employee(s) causing the injury. N.J.S.A. §59:8-4. The claim must be filed with the Attorney General or the department or agency involved in the alleged wrongful act or omission. N.J.S.A. §59:8-7. The notice of claim must be filed "not later than the 90th day after accrual of the cause of action." N.J.S.A. §59:8-8. "After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law." Id. Furthermore,

> the claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or
>
> b. Two years have elapsed since the accrual of the claim; or
>
> c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.

N.J.S.A. §59:8-8.

An exception to the 90-day filing requirement permits a claimant to seek permission from a Superior Court Judge, within one year after accrual of the claim, to file a late notice of claim upon extraordinary circumstances. N.J.S.A. §59:8-9. After two years have elapsed from the date of accrual, the claimant is forever barred from recovery. Id., §59:8-8(b).

Plaintiff alleged he was wrongfully detained beginning on September 6, 2013. (Am. Compl., ECF No. 3, ¶40.) Plaintiff admitted in his amended complaint that he did not file a notice of claim in accordance with the NJTCA. (Id., ¶57.) In his reply in opposition to the motion to dismiss, Plaintiff conceded that he did not file a notice of claim. (Pl's Reply, ECF No. 30 at 2.) More than two years have elapsed from the accrual of the claim, preventing Plaintiff from seeking to file a late notice of claim. Therefore, pursuant N.J.S.A. §59:8-8, the Court dismisses Plaintiff's state tort claims against Defendants Scholtz and Burlington County Detention Center with prejudice.

    2. <u>Constitutional Claims under 42 U.S.C. § 1983 and New Jersey Civil Rights Act</u>

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen of the United States … to the deprivation of any rights … secured by the Constitution and laws, shall be liable to the party injured in an action at law…

The NJCRA provides, in part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State ... may bring a civil action for

>           damages and or injunctive or other appropriate
>           relief.

N.J.S.A. §10:6-2(c).

The New Jersey Civil Rights Act is analogous to 42 U.S.C. § 1983 in that it creates a private right of action for violation of civil rights secured by the New Jersey Constitution, the laws of the state of New Jersey, and the Constitution and laws of the United States. See Gormley v. Wood-El, 218 N.J. 72, 97 (N.J. 2014) ("Section 1983 applies only to deprivations of federal rights, whereas N.J.S.A. 10:6-1 to 2 applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws.") "[C]ourts in this district have generally interpreted the NJCRA to be coextensive with its federal counterpart." Estate of Lydia Joy Perry ex rel. Kale v. Sloan, Civ. No. 10-4646 (AET), 2011 WL 2148813, at *2 (D.N.J. May 31, 2011) (citing Jefferson v. Twp. of Medford, 2010 WL 5253296, at *13 (D.N.J. Dec. 16, 2010); Celestine v. Foley, 2010 WL 5186145, at *6 (D.N.J. Dec. 14, 2010); Chapman v. New Jersey, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009); Slinger v. New Jersey, 2008 WL 4126181, at *5 (D.N.J. Sept. 4, 2008), rev'd in part on other grounds, 366 F. App'x 357 (3d Cir. 2010)).

The parties have not distinguished any claims under the NJCRA from their counterparts under § 1983 for the purpose of this motion

to dismiss. The Court will apply precedent regarding § 1983 claims to the parallel claims under the NJCRA.

      a. <u>Statute of Limitations</u>

Defendants contend the § 1983 claims are barred by the two-year statute of limitations because the claims accrued on September 6, 2013, but the complaint was not filed until September 14, 2015. (Defs' Brief, ECF No. 27-1 at 10.) In reply, Plaintiff asserts the record is not fully developed on the statute of limitations issue and the amended complaint should not be denied on this basis on a motion to dismiss. (Pl's Reply, ECF No. 30 at 2.)

Defendants' motion to dismiss presents an alternative basis for dismissing the amended complaint. Therefore, the Court declines to dismiss the § 1983 and NJCRA claims based on the statute of limitations, and alternatively dismisses for failure to state a claim.

      b. <u>Failure to state a claim</u>

Defendants contend that Plaintiff fails to state a constitutional claim against them because Plaintiff incorrectly concluded that the Appellate Division's remand order vacated his guilty plea. (Defs' Brief, ECF No. 27-1 at 10-12.) The Appellate Division held:

> To assure defendant's rights are respected, the trial judge cannot employ robotic or perfunctory procedures at the time the court considers defendant's guilty plea and when reviewing any subsequent motions to withdrawal

> such a plea. The integrity of the process must be respected and the judge must fully evaluate the facts and circumstances which support the court's conclusions. Unfortunately, that process was not followed in this matter, and we are constrained to reverse and remanded [sic] for a hearing on defendant [sic] motion to withdraw his guilty plea.

State v. Tucker, Ind. No. 08-07-0769, 2013 WL 4483353 (App. Div. Aug. 23, 2013) (per curiam). On remand, the trial court denied bail pending the remand hearing, and, after the hearing, denied Plaintiff's motion to withdraw his guilty plea. (Certification of Warden Mildred Scholtz, Ex. 2, State v. Tucker, Court's Decision on Defendant's Motion to Withdraw his Guilty Plea (Sup. Ct. N.J., Law Division, Burlington County, Dec. 9, 2013), ECF No. 27-4 at 34-52).

"Consideration of 'matters of public record' and 'documents incorporated into the complaint by reference' are matters of which a court may take judicial notice." Jonas v. Gold, No. CIV.A. 13-2949, 2014 WL 4854484, at *6 (D.N.J. Sept. 30, 2014), aff'd, 627 F. App'x 134 (3d Cir. 2015) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Fed. R. Evid. 201(b)(2); see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, (quoting City of Pittsburgh v. West Penn Power Co, 147 F.3d 256, 259 (3d Cir. 1998) (court may examine documents of unquestioned authenticity on which the plaintiff's claim depends); Pension Benefit Guar. Corp. v. White

Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (same); Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 & n. 3 (1st Cir. 1991) (rejecting a fraud claim in light of the underlying documents, pursuant to a 12(b)(6) motion)).

The Amended Complaint references the New Jersey Superior Court, Appellate Division's decision reversing and remanding the trial court's denial of Plaintiff's motion to withdraw his guilty plea. The entire amended complaint is premised on Plaintiff's conclusion that the Appellate Division directed the trial court to vacate his guilty plea, entitling him to release from confinement. This conclusion is wrong.

The Court takes judicial notice of State v. Tucker, Ind. No. 08-07-0769, 2013 WL 4483353 (App. Div. Aug. 23, 2013) (per curiam). The Court also takes judicial notice, as a public record, of the trial court's order after the remand hearing. (See Certification of Warden Mildred Scholtz, Ex. 2, State v. Tucker, Court's Decision on Defendant's Motion to Withdraw his Guilty Plea (Sup. Ct. N.J., Law Division, Burlington County, Dec. 9, 2013), ECF No. 27-4 at 34-52).

As Defendants suggest, the Appellate Division remanded for a hearing on Plaintiff's motion to withdraw his guilty plea because the trial court did not give reasons for its denial of the motion. The Appellate Division did not direct the trial court to grant Plaintiff's motion to withdraw his guilty plea. After a full

hearing, the trial court gave reasons for denying Plaintiff's motion to withdraw his guilty plea, complying with the remand by the Appellate Division. Therefore, Plaintiff fails to state a claim upon which relief may be granted, and Defendants' motion to dismiss is granted.

III. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is granted. The claims in the amended complaint against Defendants Scholtz and Burlington County Detention Center are dismissed with prejudice.

An appropriate Order follows.

DATED: February 21, 2018

s/Renée Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge