**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

```
                              :
JOSEPH CORNELIUS TUCKER,      :
                              :
            Plaintiff,        :  Civil Action No. 15-6808 (RMB)
                              :
        v.                    :
                              :          OPINION
STATE OF NEW JERSEY DEP'T     :
OF CORR., et al.,             :
                              :
            Defendants.       :
                              :
```

APPEARANCES:

JOSEPH CORNELIUS TUCKER

    Plaintiff *pro se*

BEONICA ANGELICA MCCLANAHAN, Esq.
GREGORY R. BUENO, Esq.
New Jersey Attorney General's Office
25 Market St.
P.O. Box 112
Trenton, NJ 08625
    On behalf of Defendants Bayside State Prison, John Powell and
    State of New Jersey Department of Corrections


**BUMB**, United States District Judge

    This matter comes before the Court upon Defendants Bayside State Prison, John Powell and the State of New Jersey Department of Corrections' Motion to Dismiss ("Mot. to Dismiss", ECF No. 47; Defs' Brief, ECF No. 47-1) and Plaintiff's letter in opposition to Defendants' motion to dismiss ("Pl's Letter in Opp.", ECF No. 50.)

The Court will determine the motion on the briefs, without oral argument, pursuant to Federal Rule of Civil Procedure 78(b).

I.    BACKGROUND

A.    Procedural History

On September 14, 2015, Plaintiff, acting *pro se*, filed a civil rights complaint under 42 U.S.C. §§ 1983, 1985. (Compl., ECF No. 1.) Plaintiff paid the filing fee and summons was issued. (Summons Issued, ECF Nos. 2, 3.) On February 2, 2016, the Court issued a Notice of Call for Dismissal Pursuant to Local Rule 41.1(a)/4(m), for lack of prosecution. ("Notice of Call," ECF No. 4.) Upon Plaintiff's response that he had recently obtained counsel, the Court withdrew the Notice of Call, and subsequently granted Plaintiff's motion for an extension of time to file an amended complaint. (Order, ECF No. 6; Order, ECF No. 9.) Plaintiff filed his amended complaint ("Am. Compl." or "First Amended Complaint") on May 23, 2016, alleging constitutional claims under 42 U.S.C. § 1983 and the New Jersey Constitution, and New Jersey tort claims. (Am. Compl., ECF No. 8.) Summons issued on September 7, 2016. (Summons Issued, ECF No. 10.)

On April 12, 2017, the Court issued a second Notice of Call for lack of prosecution. (Notice of Call, ECF No. 11.) Upon Plaintiff's response, the Court withdrew the Notice of Call and granted Plaintiff's request for an extension of time to serve a summons and the amended complaint on Defendants. (Order, ECF No.

13.) On February 21, 2018, the Court granted Defendants Burlington County Detention Center's and Mildred Scholtz's motion to dismiss the amended complaint. (Opinion, ECF No. 36, Order, ECF No. 37.) Plaintiff appealed to the Third Circuit Court of Appeals, and this case was stayed until July 23, 2018, when the Third Circuit dismissed the appeal for lack of jurisdiction. (Certified Order of USCA, ECF No. 44.)

Defendants Bayside State Prison, John Powell and New Jersey Department of Corrections ("NJDOC") filed a motion to dismiss on September 6, 2018. (Mot. to Dismiss, ECF No. 47.) The return date on the motion was October 1, 2018.

The Court received its first of several letters from Plaintiff on October 4, 2018, expressing his concern that his counsel had not responded to the motion to dismiss. (Letter, ECF No. 49.) After several more letters from Plaintiff, the Court directed the parties to appear for a status conference on March 29, 2019. (Order, 53.) As a result of that status conference, the Court ordered Plaintiff's counsel to file an opposition to the pending motion to dismiss within 21 days or to alternatively to file a motion to withdraw as counsel. (Order, ECF No. 54.) Plaintiff's counsel filed a motion to be relieved as counsel on April 17, 2019. ("Motion to Withdraw", ECF No. 58.)

After the Court granted Ronald Thompson's motion to be relieved as Plaintiff's counsel (Order, ECF No. 59), Plaintiff was

permitted to file a brief in opposition to the motion to dismiss; however, he failed to do so. In an order dated May 10, 2019, the Court stated that if Plaintiff failed to file an opposition to Defendants' motion to dismiss within 14 days, it would decide the motion to dismiss based on Plaintiff's informal opposition letter filed on October 23, 2018. (Order, ECF No. 62.) Plaintiff filed a motion to appoint pro bono counsel without filing an opposition to Defendants' motion to dismiss. (Mot. to Appoint Pro Bono Counsel, ECF No. 63.) For the reasons discussed below, the Court grants Defendants' motion to dismiss.

B.   The Amended Complaint

Plaintiff alleged the following facts in his amended complaint. (Am. Compl., ECF No. 8.) Plaintiff was incarcerated on July 5, 2012, after entering a guilty plea in the Superior Court of New Jersey, Burlington County. (Id., ¶2.) Plaintiff was sentenced to a five-year term of imprisonment with a two-and-a-half-year term of parole ineligibility. (Id.)

Plaintiff filed a motion to withdraw his guilty plea on March 16, 2012, but the trial court denied his motion, and Plaintiff appealed. (Id., ¶3.) On August 6, 2013, the New Jersey Superior Court Appellate Division remanded the matter to the trial court. (Am. Compl., ECF No. 8, ¶4.) Plaintiff contends the Appellate Division's decision vacated his plea, the only basis for his imprisonment. (Id., ¶5.) On September 17, 2013, Plaintiff was

misclassified under the NJDOC Classification System and immediately began serving his sentence. (Am. Compl., ECF No. 8, ¶23.) As a result of this misclassification, Plaintiff was wrongly detained and imprisoned. (Id., ¶24.) Therefore, Plaintiff alleged his continued imprisonment was illegal, depriving him of his due process liberty interest. (Id., ¶6.) He further alleged his illegal detention was a direct and foreseeable consequence of the Department of Corrections' negligence. (Id.)

Plaintiff sued all Defendants for violating his rights under the United States and the New Jersey Constitutions. (Id., ¶11.) He sued NJDOC, Bayside State Prison and John Powell in their official and individual capacities. (Am. Compl., ECF No. 8, ¶¶11-17.)

He further alleged:

> [Plaintiff] repeatedly filed objections and complaints based upon all defendants' wrongful conduct. [Plaintiff's] complaint's [sic] substantially provided all defendants with the same information required by the New Jersey Tort Claims Act. More than six (6) months have passed since [Plaintiff] first complained to defendants, and to date no defendant named in this complaint has sought to resolve any aspect of Tucker's complaint(s).

(Am. Compl., ECF No. 8, ¶¶51, 64, 85, 90.)

Plaintiff alleges his illegal detention was a foreseeable result of the NJDOC's negligence and deliberate indifference and violated Plaintiff's right to due process. (Id., ¶6.) Plaintiff further alleges the State of New Jersey failed to protect him from

improperly trained and supervised individuals. (Am. Compl., ECF
No. 8, ¶7.) Defendants Bayside State Prison, John Powell and the
NJDOC move (1) to dismiss the § 1983 claims in the amended
complaint based on Eleventh Amendment immunity, (2) to dismiss the
New Jersey tort claims based on failure to meet the notice of claim
requirement in N.J.S.A. § 59:8-8, and (3) to dismiss all claims
for failure to state a claim upon which relief may be granted.
(Mot. to Dismiss, ECF No. 47; "Defs' Brief," ECF No. 47-1.)

In opposition, Plaintiff argues that it is the duty of the
trial court, on remand, to obey the mandate of the Appellate Court,
and the Appellate Court ordered Plaintiff's criminal conviction
reversed and remanded for the Plaintiff to withdraw his guilty
plea. (Pl's Letter in Opp., ECF No. 50 at 5.) Judge Palmer, the
Superior Court Judge, was not free to limit the terms of the
remand, and any order made without authority is void. (Id.)
Therefore, Plaintiff seeks compensatory and punitive damages for
false imprisonment. (Id.) Plaintiff contends he should have been
released when his sentence was vacated. (Id.)

Plaintiff also responded to Defendants' Eleventh Amendment
immunity defense. (Id. at 6.) Plaintiff notes that state actors
can be sued in their individual capacities for money damages. (Id.
at 7.) He further states that he is bringing his claims under 42
U.S.C. § 1983, and that the New Jersey Tort Claims Act is
inapplicable. (Id.) Plaintiff asserts his attorney did not have

approval to amend the complaint to add a claim under the New Jersey Tort Claims Act. (Id.)

Next, Plaintiff addresses Defendants' contention that the amended complaint failed to state a claim under §§ 1983 and 1985.[1] (Id. at 7-8.) Plaintiff contends that reckless indifference or gross negligence to his liberty interest may be sufficient to state a claim under the Due Process Clause; thus, his claims are actionable under § 1983. (Id. at 8.) In support of his claim that his conviction was vacated, Plaintiff states that he received a Fair Release and Reentry Act Portfolio from the State Department of Corrections on September 6, 2013 and again on August 19, 2015. (Id.) Plaintiff also cites several NJDOC Progress Notes indicating his sentence was vacated, as well as a Burlington County DOC letter dated November 20, 2013. (Id.) Finally, Plaintiff points to a September 6, 2013 Order, acknowledging his "legal release from prison." (Id. at 9.)

## II. DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), courts may dismiss a complaint for failure to state a claim upon which relief may be granted. A plaintiff need only present a "short and plain statement of the claim showing that the pleader is entitled to

---

[1] Although the original complaint contained claims under 42 U.S.C. § 1985, the amended complaint does not.

relief." Fed. R. Civ. P. 8. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Palakovic v. Wetzel</u>, 854 F.3d 209, 219 (3d Cir. 2017) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)) (alteration in original)).

"'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation and internal quotation marks omitted). A claim is facially plausible if the factual content "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Id.</u>

Courts assessing the sufficiency of a complaint on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) should first determine the elements a plaintiff must plead to state a claim, and second identify allegations that are no more than conclusions, which are not entitled to the assumption of truth. <u>Palakovic</u>, 854 F.3d at 220 (quoting <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 221 (3d Cir. 2011) (internal quotation marks omitted) (quoting <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010)). Third, courts should assume well-pleaded factual allegations are true and "then determine whether they plausibly give rise to an entitlement for relief.'" <u>Id.</u> (quoting <u>Iqbal</u>, 129 S. Ct. at 1950.)

B.  Analysis

    1.  Section 1983 Claims and NJCRA Claims

The Eleventh Amendment to the U.S. Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state." Sovereign immunity, described by the Eleventh Amendment "extends to state agencies and state officers, 'as long as the state is the real party in interest.'" Estate of Lagano v. Bergen County Prosecutor's Office, 769 F.3d 850, 857 (3d Cir. 2014) (quoting Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989). Section 1983 claims for monetary damages against a state prison warden in his official capacity are barred by Eleventh Amendment immunity. Stevenson v. Carroll, 474 F. App'x 845, 848 (3d Cir. 2012) (per curiam). Likewise, Section 1983 claims for monetary damages against the NJDOC, a state agency, and Bayside State Prison, controlled by the NJDOC, are also barred by the Eleventh Amendment. Fox v. Bayside State Prison, 726 F. App'x 865, 867-68 (3d Cir. 2018) (the NJDOC "is quintessentially an arm of the state" and "as a facility wholly owned and operated by the DOC, Bayside is similarly protected.")

Plaintiff also brought constitutional claims against defendants, which fall under the New Jersey Civil Rights Act ("NJCRA"). The NJCRA § 10:6-2(c) provides, in relevant part,

> Any person who has been deprived of any
> substantive due process or equal protection
> rights, privileges or immunities secured by
> the Constitution or laws of the United States,
> or any substantive rights, privileges or
> immunities secured by the Constitution or laws
> of this State, or whose exercise or enjoyment
> of those substantive rights, privileges or
> immunities has been interfered with or
> attempted to be interfered with, by threats,
> intimidation or coercion *by a person acting
> under color of law*, may bring a civil action
> for damages and for injunctive or other
> appropriate relief.

(emphasis added).

The New Jersey Code defines the word "person" as follows:

> [t]he word "person" includes corporations,
> companies, associations, societies, firms,
> partnerships and joint stock companies as well
> as individuals ... and, when used to designate
> the owner of property which may be the subject
> of an offense, includes this State, the United
> States, any other State of the United States
> as defined infra and any foreign country or
> government lawfully owning or possessing
> property within this State.

N.J.S.A. § 1:1-2. The word "person" does not include the State or state officials in their official capacities. Didiano v. Balicki, 488 F. App'x 634, 638 (3d Cir. 2012).

Plaintiff contends that he has sued the defendants in their individual capacities. An entity cannot be sued in an individual capacity. See Kentucky v. Graham, 473 U.S. 159, 167-68 (1985) (describing difference between individual and official capacities). John Powell is an individual who can be sued in his individual capacity, and the Court will address the claims against

John Powell in his individual capacity below. The § 1983 claims against Bayside State Prison and NJDOC are dismissed with prejudice because they are immune under the Eleventh Amendment.

### 2. New Jersey Tort Claims Act

Defendants assert Plaintiff's claims under the NJTCA should be dismissed with prejudice for failure to file a Notice of Claim and as barred by the statute of limitations. (Defs' Brief, ECF No. 47-1 at 9-12.) Plaintiff asserts he did not approve of his attorney bringing an NJTCA claim in the amended complaint. (Pl's Letter in Opp., ECF No. 50 at 7.) Nonetheless, because tort claims were brought in the amended complaint, the Court will address the notice requirement of the NJTCA.

Under the NJTCA, "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth" in the statute. N.J.S.A. § 59:8-3. Among other things, the notice of claim must contain the name or names of the public entity and employee(s) causing the injury. N.J.S.A. § 59:8-4. The claim must be filed with the Attorney General or the department or agency involved in the alleged wrongful act or omission. N.J.S.A. § 59:8-7. The notice of claim must be filed "not later than the 90th day after accrual of the cause of action." N.J.S.A. § 59:8-8. "After the expiration of six

months from the date notice of claim is received, the claimant may file suit in an appropriate court of law." Id. Furthermore,

> the claimant shall be forever barred from recovering against a public entity or public employee if:
>
>> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or
>>
>> b. Two years have elapsed since the accrual of the claim; or
>>
>> c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.

N.J.S.A. § 59:8-8.

An exception to the 90-day filing requirement permits a claimant to seek permission from a Superior Court Judge, within one year after accrual of the claim, to file a late notice of claim upon extraordinary circumstances. N.J.S.A. § 59:8-9. After two years have elapsed from the date of accrual, the claimant is forever barred from recovery. Id., § 59:8-8(b). "Although the doctrine of substantial compliance has occasionally been applied in the tort claims context, it has been limited carefully to those situations in which the notice, although both timely and in writing, had technical deficiencies that did not deprive the public entity of the effective notice contemplated by the statute." D.D. v. Univ. of Med. & Dentistry of New Jersey, 61 A.3d 906, 923 (N.J. 2013).

Plaintiff alleged he was wrongfully detained beginning on September 6, 2013. (Am. Compl., ECF No. 3, ¶40.) Plaintiff alleged in his amended complaint that he did not file a notice of claim in accordance with the NJTCA. (Id., ¶57.) However, Plaintiff asserted substantial compliance with the notice of claim. (Am. Compl., ECF No. 8, ¶¶51, 64, 85, 90.) The substantial compliance doctrine

> requires the moving party to show: (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.

Lebron v. Sanchez, 970 A.2d 399, 406 (N.J. Super. Ct. App. Div. 2009) (quoting Ferreira, 836 A.2d 779 (internal citations and quotations omitted)).

Plaintiff's allegations of substantial compliance do not meet this standard. Particularly lacking is a reasonable explanation why there was not strict compliance with the statute and no allegation of lack of prejudice to the defending parties. Although Plaintiff might cure this deficiency by filing an amended complaint alleging additional facts concerning his notice of tort claims, amendment is futile because all of the claims in the amended complaint are premised on the faulty conclusion that Plaintiff's conviction and sentence were vacated and he was entitled to release

from prison on September 6, 2013. Therefore, the Court dismisses Plaintiff's state tort claims against Defendants with prejudice.

2.    Constitutional Claims under 42 U.S.C. § 1983 and New Jersey Civil Rights Act

Plaintiff alleges Defendants violated his rights under the New Jersey Constitution and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution by not releasing him from prison on September 6, 2013, based on the Appellate Division's Order. (Am. Compl., ECF No. 8, Counts 1-3, 7 and 8.) Defendants contend that Plaintiff fails to state a constitutional claim because the Appellate Division never ordered that Plaintiff be released from custody nor did it vacate his conviction or sentence. (Defs' Brief, ECF No. 47-1 at 13-15.)

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen of the United States … to the deprivation of any rights … secured by the Constitution and laws, shall be liable to the party injured in an action at law…

The NJCRA provides, in part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State ... may bring a civil action for damages and or injunctive or other appropriate relief.

N.J.S.A. § 10:6-2(c).

The New Jersey Civil Rights Act is analogous to 42 U.S.C. § 1983 in that it creates a private right of action for violation of civil rights secured by the New Jersey Constitution, the laws of the state of New Jersey, and the Constitution and laws of the United States. See Gormley v. Wood-El, 93 A.3d 344, 358 (N.J. 2014) ("Section 1983 applies only to deprivations of federal rights, whereas N.J.S.A. 10:6-1 to 2 applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws.") "[C]ourts in this district have generally interpreted the NJCRA to be coextensive with its federal counterpart." Estate of Lydia Joy Perry ex rel. Kale v. Sloan, Civ. No. 10-4646 (AET), 2011 WL 2148813, at *2 (D.N.J. May 31, 2011) (citing Jefferson v. Twp. of Medford, 2010 WL 5253296, at *13 (D.N.J. Dec. 16, 2010); Celestine v. Foley, 2010 WL 5186145, at *6 (D.N.J. Dec. 14, 2010); Chapman v. New Jersey, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009); Slinger v. New Jersey, 2008 WL 4126181, at *5 (D.N.J. Sept. 4, 2008), rev'd in part on other grounds, 366 F. App'x 357 (3d Cir. 2010)).

The parties have not distinguished any claims under the NJCRA from their counterparts under § 1983 for the purpose of this motion to dismiss. The Court will apply precedent regarding § 1983 claims to the parallel claims under the NJCRA.

"Consideration of 'matters of public record' and 'documents incorporated into the complaint by reference' are matters of which a court may take judicial notice." Jonas v. Gold, No. CIV.A. 13-2949, 2014 WL 4854484, at *6 (D.N.J. Sept. 30, 2014), aff'd, 627 F. App'x 134 (3d Cir. 2015) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Fed. R. Evid. 201(b)(2); see also Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (quoting City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (court may examine documents of unquestioned authenticity on which the plaintiff's claim depends); Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (same); Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 & n. 3 (1st Cir. 1991) (rejecting a fraud claim in light of the underlying documents, pursuant to a 12(b)(6) motion)).

The Court takes judicial notice of State v. Tucker, Ind. No. 08-07-0769, 2013 WL 4483353 (App. Div. Aug. 23, 2013) (per curiam), referenced in the amended complaint. The Court also takes judicial notice, as a public record, of the trial court's order after the remand hearing. (See Certification of Warden Mildred Scholtz, Ex. 2, State v. Tucker, Court's Decision on Defendant's Motion to Withdraw his Guilty Plea (Sup. Ct. N.J., Law Division, Burlington County, Dec. 9, 2013) (ECF No. 27-4 at 34-52).

All of Plaintiff's claims are premised on his belief that the New Jersey Superior Court, Appellate Division vacated his conviction and sentence on September 6, 2013. The Appellate Division held:

> To assure defendant's rights are respected, the trial judge cannot employ robotic or perfunctory procedures at the time the court considers defendant's guilty plea and when reviewing any subsequent motions to withdrawal such a plea. The integrity of the process must be respected and the judge must fully evaluate the facts and circumstances which support the court's conclusions. Unfortunately, that process was not followed in this matter, and we are constrained to reverse and remanded [sic] for a hearing on defendant [sic] motion to withdraw his guilty plea.

State v. Tucker, Ind. No. 08-07-0769, 2013 WL 4483353, at *4 (App. Div. Aug. 23, 2013) (per curiam). On remand, the trial court denied bail pending the remand hearing, and, after the hearing, denied Plaintiff's motion to withdraw his guilty plea. (Certification of Warden Mildred Scholtz, Ex. 2, State v. Tucker, Court's Decision on Defendant's Motion to Withdraw his Guilty Plea (Sup. Ct. N.J., Law Division, Burlington County, Dec. 9, 2013) (ECF No. 27-4 at 31-52).

The public record shows that the Appellate Division remanded for a hearing on Plaintiff's motion to withdraw his guilty plea because the trial court did not give reasons for its denial of the motion. The Appellate Division did not direct the trial court to grant Plaintiff's motion to withdraw his guilty plea, it did not

vacate the judgment of conviction, and it did not reinstate the charges dismissed pursuant to the plea agreement. <u>Cf.</u> <u>State v. Lipa</u>, 98 A.3d 574, 582 (N.J. 2014) (stating that conviction was vacated and charges reinstated upon withdrawal of guilty plea).

After a full hearing, the trial court gave reasons for denying Plaintiff's motion to withdraw his guilty plea, complying with the remand by the Appellate Division. The documents Plaintiff received from the NJDOC that led him to believe he was to be released after the Appellate Division's September 6, 2013 decision do not entitle him to release. Therefore, Plaintiff fails to state a claim upon which relief may be granted, and Defendants' motion to dismiss is granted.

## III. THE REMAINING DEFENDANTS ARE DISMISSED FOR FAILURE TO PROSECUTE

### A. <u>Factual and Procedural Background</u>

Two defendants remain in this action, Evelyn Davis and Karen Hughes. (Am. Compl., ECF No. 8, ¶¶14, 16.) On May 2, 2017, the Court granted Plaintiff's request for an extension of time to obtain service of the First Amended Complaint, and permitted Plaintiff to serve the First Amended Complaint on Defendants by May 12, 2017. (Order, ECF No. 13.) Summons were returned executed as to Bayside State Prison and John Powell. (ECF Nos. 14-18.) The docket entry for ECF No. 24 purports to be an "Affidavit of Service for Summons and Amended Complaint on Director Karen Hughes/BCJ"

but the return of service does not indicate that Karen Hughes was served. There are no entries for summons executed on Evelyn Davis.

B. <u>Analysis</u>

Federal Rule of Civil Procedure 41(b) permits a court to *sua sponte* dismiss an action for failure to prosecute. <u>Parks v. Ingersoll-Rand Co.</u>, 380 F. App'x 190, 195-96 (3d Cir. 2010) (citing <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 632 (1962)). A court may dismiss for failure to prosecute if the following factors weigh in favor of dismissal

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u> at 194 (3d Cir. 2010) (quoting <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984)).

1. <u>The Party's Personal Responsibility</u>

Plaintiff bears at least some responsibility for failure to timely serve Evelyn Davis and Karen Hughes in this matter. Plaintiff commenced the action *pro se* on September 14, 2015 and summons was issued on September 15, 2015. (Compl., ECF No. 1, Summons Issued, ECF No. 2.) On February 2, 2016, the Court issued a Notice of Call for Dismissal because the action was pending more

than 120 days without any action having been taken. (Notice of Call, ECF No. 4.) When Plaintiff responded that he had recently obtained counsel, the Court withdrew the Notice of Call and ordered that Plaintiff serve the defendants by May 18, 2016 or the matter would be dismissed without prejudice. (Order, ECF No. 6.) Plaintiff himself was responsible for failure to prosecute the action until he obtained counsel, who filed an amended complaint on May 23, 2016 but did not serve the defendants until May 2017.

### 2. Prejudice to the Adversary

"An adversary may be prejudiced where the failure to prosecute results in the irretrievable loss of evidence, the dimming of witnesses' memories, or deprivation of information through non-cooperation with discovery." Parks, 380 F. App'x at 194 (citing Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3d Cir. 1994) (citing Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)).

It has been more than three-and-a-half years since Plaintiff initiated this action for alleged wrongdoing that occurred in September 2013, and Evelyn Davis and Karen Hughes have not been served as of June 2019. If required to defend the action now, they would likely be prejudiced by the dimming of witnesses' memories or loss of evidence.

### 3. History of Dilatoriness

Plaintiff has a history of dilatoriness in this action. The Court twice issued Notices of Call for dismissal for failure to prosecute (ECF Nos. 4, 11.) After the Court granted a motion to dismiss brought by defendants who were ultimately served the summons and amended complaint, Karen Hughes and Evelyn Davis still have not been served.

### 4. Whether the Conduct Was Willful or in Bad Faith

The Court ordered a status conference in March 2019 to determine why Plaintiff's counsel had not responded to the October 2018 motion to dismiss by Defendants Bayside State Prison, NJDOC and John Powell. (Order, ECF No. 53, 54.) Plaintiff's counsel had withdrawn from representing Plaintiff in the Third Circuit Court of Appeals when Plaintiff appealed this Court's February 21, 2018 order, but had neglected to file a motion to withdraw from this proceeding. See Tucker v. New Jersey Department of Corrections, et al., Civ. No. 18-1644 (3d Cir. 2019).

At the status conference, the Plaintiff and counsel believed they had worked out their differences and counsel would continue in this matter. However, on April 17, 2019, Plaintiff's counsel filed a motion to withdraw his representation, citing a fundamental disagreement. (Mot. to Withdraw, ECF No. 58.) There is some element of willfulness in the failure to timely prosecute this matter due to the poor relationship between Plaintiff and his counsel.

5. <u>The Effectiveness of Alternative Sanctions</u>

The only appropriate sanction remaining for failure to prosecute is dismissal because the Court has determined that the amended complaint fails to state a claim upon which relief can be granted and that amendment is futile. No purpose would be served by permitting Plaintiff additional time to serve defendants with a complaint that fails to state a claim for relief.

6. <u>The Meritoriousness of the Claim or Defense</u>

As discussed in this Opinion, Plaintiff's claims lack merit. This factor strongly weighs in favor of dismissal for lack of prosecution.

None of these factors weight against dismissal, and the history of dilatoriness and lack of merit of the claims weigh strongly in favor of dismissal. Therefore, the Court will dismiss the amended complaint with prejudice.

IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (ECF No. 47) is granted; the remainder of the amended complaint is dismissed with prejudice for failure to prosecute, and Plaintiff's motion to appoint pro bono counsel is dismissed as moot.[2]

---

[2] See <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993) (holding that before a court may appoint pro bono counsel it must first appear that the claim has some merit in fact and law).

An appropriate Order follows.


DATED: July 15, 2019                    s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**